**\*\* E-filed February 16, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA RIVERA BARRAGAN,<br><br>    Plaintiff,<br>  v.<br><br>JUAN MORALES; JOSEFINA MORALES; and PETER BRAZIL,<br><br>    Defendants.<br>_____/ | No. C11-05463 HRL<br><br>**ORDER DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING ALL PENDING MOTIONS** |

Pre so plaintiff Maria Rivera Barragan brings suit against defendants Juan Morales, Josefina Morales, and Peter Brazil (collectively, "defendants") alleging forgery, fraud, misrepresentation, and conspiracy in connection with the transfer of real property that both Barragan and the Moraleses claim to own. Dkt. No. 1 ("Complaint"). Barragan seeks money damages from all defendants and urges the California State Bar to investigate attorney Brazil for his allegedly improper behavior in a related state court action. Id. Finally, she also alleges that the Monterey County Superior Court, which has not been named in this lawsuit, deprived her of her right to a fair hearing when it entered a default judgment against her. Id. at 3.

Barragan filed her complaint as a removal action, but, in reality, it is an original complaint.[1] While the complaint does not clearly articulate her claims, she seeks, in essence, a refund of the

---

[1] Barragan was the defendant in the "removal" state action. Here, she is the plaintiff.

money she paid the Moraleses for the subject property, and a reversal of a default judgment that the state court entered against her.[2]

The defendants have been served, but have not appeared in this action. Barragan requested entry of default against the defendants, which the Clerk of the Court entered on December 20, 2011. Dkt. Nos. 12-14. Barragan then moved for entry of default judgment against the defendants, and also moved for summary judgment. Dkt. Nos. 15-18. Barragan has consented to the undersigned's jurisdiction. Defendants have not opposed the motions. The court deemed these motions suitable for determination without oral argument, and vacated the January 31, 2012 hearing.

**I. SUBJECT MATTER JURISDICTION**

**LEGAL STANDARD**

Even if no party challenges subject matter jurisdiction, the court has a duty to raise the issue *sua sponte* whenever it is perceived. Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 132 n.1, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) (Ginsburg, J., concurring) ("[o]f course, every federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own motion"). If the court determines that it does not have subject-matter jurisdiction, it must dismiss the claim. FED. R. CIV. P. 12(h)(3). A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Because plaintiff is proceeding pro se, the court liberally construes her complaint. Id.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). The federal district courts have no jurisdiction to review state-court judgments rendered before district court proceedings commenced. This is known as the *Rooker-Feldman* doctrine. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "If a federal plaintiff asserts as a

---

[2] Although Barragan characterized this action as a removal, she did not comply with 28 U.S.C. § 1446(a), which requires a removing defendant to supply the federal court with "a copy of all process, pleadings, and orders served upon" the defendant. Barragan has supplied copies of some orders issued by the state court, but has not provided any pleadings from the state court action. Therefore, the court has imperfect knowledge of the state court proceedings, and has attempted to piece together the events there using the materials provided.

2

legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." Noel, 341 F.3d at 1164. The court must consider the relief sought by the federal court plaintiff—a claim that seeks the "undoing" of a prior state court judgment is "clearly barred" by the doctrine. Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003).

### DISCUSSION

Barragan makes only one allegation in her complaint that can be construed as attempting to state a claim arising under federal law. In relevant part, the complaint states that "the Monterey County Superior Court deprived plaintiff of the constitutional rights to a fair hearing . . . when the defendants Morales and their attorney acquired a default judgment under false pretenses." Complaint at 3. Barragan later filed a document entitled "Request for the court to review the consent to proceed before a United States Magistrate Judge," in which she requests that the court "issue[] an immediate order to the Monterey County of Recorders and the Monterey County Superior Court . . . to remove all the illegally or misrepresented [liens] for recordations [sic] by the defendants." Dkt. No. 25, p.2.

This court has not had the opportunity to review the pleadings filed in the state court action. However, from Barragan's federal complaint and the few state-court orders she had provided, this court concludes that the state-court plaintiffs, the Moraleses, represented by Brazil, sought reformation of a deed of trust on the subject property and an equitable lien on that property. See Complaint, Exh. 11. Barragan failed to timely appear in the state court action and the Moraleses obtained a default judgment. Complaint, Exh. 15. Barragan now seeks to have this court order the state court to remove the lien imposed by the default judgment. This attempt to obtain federal court review and reversal of an unfavorable state court judgment is precisely the sort of complaint prohibited by the *Rooker-Feldman* doctrine. See Exxon Mobil Corp., 544 U.S. at 283-284.

Additionally, Barragan's purported federal claim is aimed at the Monterey County Superior Court, not against any of the defendants named in this suit. Even if the claim were one this court had the power to adjudicate, the entity at whom it is directed is not a party to this action.

3

Finally, this court also lacks jurisdiction based on diversity. Federal subject-matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). Here, plaintiff does seek damages in excess of $75,000, but, as best the court can discern from the complaint, all parties are California citizens. Therefore, as there is no diversity of citizenship, subject matter jurisdiction founded on diversity is also lacking.

Plaintiff also attempts to state claims for relief under state law. As this court lacks jurisdiction to hear her only federal claim, it declines to consider the state law claims.

Accordingly, the court must dismiss the complaint for lack of subject matter jurisdiction. Because Barragan's only attempt at a federal claim runs afoul of the *Rooker-Feldman* doctrine, the court finds that she would be unable to establish subject matter jurisdiction even if she were given the opportunity to amend the complaint. Although Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely given when justice so requires, if it is clear the court lacks subject matter jurisdiction and amendment could not cure the problem, the court must dismiss the case in its entirety. Carvalho v. Equifax Info. Servs., L.L.C., 629 F.3d 876, 892-93 (9th Cir. 2010). Amendment here would be futile, because Barragan's complaint states no claim that, if amended, could provide this court with subject matter jurisdiction and would not be barred under the *Rooker-Feldman* doctrine. Therefore, the complaint is DISMISSED without leave to amend.

## II. PLAINTIFF'S PENDING MOTIONS

Barragan has moved for default judgment against all three defendants, as well as for summary judgment. As there is no subject matter jurisdiction over this action, the court cannot provide the relief sought. Accordingly, all pending motions are DENIED as MOOT.

**IT IS SO ORDERED.**

Dated: February 16, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C11-05463 HRL Notice will be electronically mailed to:**

Theodore Cominos        cominoslawoffice@aol.com

**Notice will be mailed to:**

Maria Rivera Barragan
Post Office Box 6006
Salinas, CA 93912

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**