**\*\* E-filed April 9, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA RIVERA BARRAGAN, | No. C11-05463 HRL |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| JOSEFINA MORALES; ET AL., | **[Re: Docket Nos. 29, 30]** |
| Defendants. | |

On November 10, 2011, Maria Barragan filed a complaint against Juan Morales, Josefina Morales, and Peter Brazil alleging forgery, fraud, misrepresentation, and conspiracy in connection with the transfer of real property that both Barragan and the Moraleses claim to own. Dkt. No. 1 ("Complaint"). The court dismissed the complaint for lack of subject matter jurisdiction, and entered an order of judgment. Dkt. Nos. 27, 28. Several weeks after judgment was entered, Barragan filed a request for reconsideration, and recently filed another similar request. Dkt. Nos. 29, 30. Both filings request that the court "exercise its supplemental jurisdiction" to hear the case. Defendants have not responded to the filings.

"No party may notice a motion for reconsideration without first obtaining leave of the court to file the motion." Civ. L.R. 7-9(a). Plaintiff did not seek leave of court before filing her ostensible motions for reconsideration. Despite this procedural error, and to give the plaintiff the benefit of liberal construction for pro se filings, the court construes her two filings as one request for leave to

1  file a motion for reconsideration (hereinafter, "motion"). <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 529, 520-
2  21 (1972) (stating that pro se pleadings should be "liberally construed.")

3        The moving party in a motion for leave to file a motion for reconsideration must show that:
4  (1) a material difference in fact or law exists from that which was presented to the court, and the
5  party did not know of such fact or law before entry of the order; (2) new material facts or a change
6  of law occurred after the entry of the order; or (3) the court failed to consider material facts or legal
7  arguments presented before entry of the order. See Civ. L.R. 7-9(b).

8        Plaintiff's motion lacks merit. Not only did Barragan fail to obtain leave of court before
9  filing her motion for reconsideration as required by Civil Local Rule 7-9(a), she also failed to make
10 her request before entry of judgment. Civil Local Rule 7-9(a) makes clear that motions for
11 reconsideration may only be made before the entry of judgment. <u>See</u> Dkt. No. 26 (entering judgment
12 of dismissal before plaintiff filed his motion). Even if these procedural errors were not present,
13 plaintiff has failed to satisfy the necessary standard for the court to grant leave to file a motion for
14 reconsideration. Plaintiff's filings fail to offer any of the three grounds for reconsideration. In both
15 "motions," plaintiff repeats the arguments she has made since filing her original complaint—that
16 she has constitutional claims that are "totally meritorious" and that the defendants will not have any
17 "genuine defenses" to her claims. <u>See</u> Dkt. No. 29, p. 2. She includes nearly 150 pages of
18 documents that appear to consist of court filings in this court and state court, as well as documents
19 related to the real property at issue. She raises no new facts or argument about why the court should
20 reconsider its dismissal. Her most recent filing urges the court to "proceed with the filed motion for
21 reconsideration." Dkt. No. 30, p. 1. There is no evidence to suggest that any of the grounds for
22 reconsideration are present here.

23       Accordingly, the court concludes that plaintiff has raised no facts that would warrant the
24 filing of a motion for reconsideration or the setting aside of this court's February 16, 2012 order.
25 Plaintiff's motion is DENIED.

26       **IT IS SO ORDERED.**
27 Dated: April 7, 2012
28                                    HOWARD R. LLOYD
                                   UNITED STATES MAGISTRATE JUDGE

*United States District Court*
*For the Northern District of California*

**C11-05463 HRL Notice will be electronically mailed to:**

Theodore Cominos                  cominoslawoffice@aol.com

**Notice will be mailed to:**

Maria Rivera Barragan
Post Office Box 6006
Salinas, CA 93912

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**