\*\* E-filed August 10, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA RIVERA BARRAGAN,<br><br>    Plaintiff,<br>v.<br><br>JOSEFINA MORALES; ET AL.,<br><br>    Defendants.<br>_____/ | No. C11-05463 HRL<br><br>**ORDER (1) REOPENING CASE; (2) GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM THIS COURT'S ORDER OF DISMISSAL AND JUDGMENT OF DISMISSAL; AND (3) REASSIGNING THE CASE TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATIONS**<br><br>**[Re: Docket No. 32]** |

    Maria Rivera Barragan filed this action against Juan and Josefina Morales, and their attorney, Peter Brazil, alleging forgery, fraud, misrepresentation, and conspiracy in connection with the transfer of real property that both Barragan and the Moraleses claim to own. The defendants were served but failed to appear in this action. Barragan sought default judgment against the defendants, but, determining that no subject matter jurisdiction existed, this court dismissed Barragan's complaint. Dkt. No. 27. Barragan then moved for reconsideration, arguing that her factual assertions supported her claims, which this court denied as failing to raise a valid basis for reconsideration. Dkt. No. 31. Now, Barragan files what is essentially another request for reconsideration, styled a "Motion for De Novo Determination of Dispositive Matter Assigned to Magistrate Judge; Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge." Dkt. No. 32. In addition, she filed a "FRCP 41, FRCP 52 Request for Advisory/Panel Review of the

1 Order Dismissing Case with Prejudice." Dkt. No. 33. Finally, she has filed a new application for
2 entry of default judgment against the defendants. Dkt. No. 34. Although serial reconsideration
3 motions are typically disfavored, Barragan's most recent filings inadvertently raised an issue of
4 consent to proceed before a magistrate judge that this court previously overlooked and must
5 consider now.

6       I.      <u>Plaintiff's Renewed Motion for Reconsideration</u>

7 Plaintiff has submitted two filings, inartfully captioned, that the court will construe as a
8 renewed request for reconsideration. As with her earlier reconsideration motion, this one is
9 procedurally deficient and untimely. <u>See</u> Dkt. No. 31 (setting forth the procedural and substantive
10 deficiencies of plaintiff's first motion for reconsideration). It rehashes plaintiff's argument that the
11 court ignored her evidence of defendants' fraud. Also, citing 28 U.S.C. § 631 (via a Wikipedia page
12 discussing the statute), the motion says that a magistrate judge may only make nondispositive
13 orders, and obviously, the order dismissing the complaint was *dis*positive.

14 For present purposes, the only point that need be considered is plaintiff's last one—that of
15 the authority of a magistrate judge to issue dispositive orders. Plaintiff apparently failed to realize
16 that 28 U.S.C. § 636(c) *does* authorize magistrate judges to enter dispositive orders upon consent of
17 the parties. Since plaintiff herself *did* consent to magistrate jurisdiction, her argument based on
18 636(c) is wrong. But, the argument did prompt the court to reexamine the subject of consent and to
19 recognize what it had failed to recognize until now. The defendants, who were served, never
20 consented to magistrate judge jurisdiction. <u>See</u> Dkt. Nos. 6-8 (Requests for Clerk to Enter Default,
21 which contain improperly filed proofs of service on the defendants). Naturally, the served but non-
22 appearing defendants would never object to this court dismissing the action against them. But, the
23 court does not know of any authority that makes exception to the general rule that consent of "all
24 parties" is required to confer authority on a magistrate judge to make a case dispositive ruling, even
25 where the dispositive ruling would be in favor of the non-consenting party or parties. <u>See, e.g.</u>,
26 <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1120-1121 (9th Cir. 2012) (finding that express consent is
27 always required of all parties, except that where the record as a whole illustrates that a party knew
28 he had the right not to consent, and voluntarily proceeded before the magistrate, consent may be

implied). Accordingly, the Order sua sponte dismissing plaintiff's complaint was issued without authority and must be set aside. The motion for reconsideration is GRANTED. The Order and the Judgment of Dismissal are hereby VACATED and the case is REOPENED.

    II.    <u>Order of Reassignment and Report and Recommendation Re: Subject Matter Jurisdiction</u>

As this court's Order dismissing the case for lack of subject matter jurisdiction is now vacated, it becomes necessary to consider again whether subject matter jurisdiction exists over this action. But, because the undersigned lacks consent from all parties, the court ORDERS that this case be reassigned to a district judge. Further, the court RECOMMENDS that the newly assigned judge dismiss the action for lack of subject matter jurisdiction, on the basis set forth below.

    A.  *Legal Standard*

Even if no party challenges subject matter jurisdiction, the court has a duty to raise the issue *sua sponte* whenever it is perceived. <u>Things Remembered, Inc. v. Petrarca</u>, 516 U.S. 124, 132 n.1, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) (Ginsburg, J., concurring) ("[o]f course, every federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own motion"). If the court determines that it does not have subject-matter jurisdiction, it must dismiss the claim. FED. R. CIV. P. 12(h)(3). A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). Because plaintiff is proceeding pro se, the court liberally construes her complaint. <u>Id.</u>

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. <u>Vaden v. Discovery Bank</u>, 129 S. Ct. 1262, 1272 (2009). The federal district courts have no jurisdiction to review state-court judgments rendered before district court proceedings commenced. This is known as the *Rooker-Feldman* doctrine. <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 291 (2005); <u>see also</u> <u>Noel v. Hall</u>, 341 F.3d 1148, 1163 (9th Cir. 2003). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district

1 court." Noel, 341 F.3d at 1164. The court must consider the relief sought by the federal court
2 plaintiff—a claim that seeks the "undoing" of a prior state court judgment is "clearly barred" by the
3 doctrine. Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003).

B. *Discussion*

Barragan makes only one allegation in her complaint that can be construed as attempting to state a claim arising under federal law. In relevant part, the complaint states that "the Monterey County Superior Court deprived plaintiff of the constitutional rights to a fair hearing . . . when the defendants Morales and their attorney acquired a default judgment under false pretenses." Complaint at 3. Barragan later filed a document entitled "Request for the court to review the consent to proceed before a United States Magistrate Judge," in which she requests that the court "issue[] an immediate order to the Monterey County of Recorders and the Monterey County Superior Court . . . to remove all the illegally or misrepresented [liens] for recordations [sic] by the defendants." Dkt. No. 25, p.2.

This court has not had the opportunity to review the pleadings filed in the state court action. However, from Barragan's federal complaint and the few state-court orders she had provided, this court concludes that the state-court plaintiffs, the Moraleses, represented by Brazil, sought reformation of a deed of trust on the subject property and an equitable lien on that property. See Complaint, Exh. 11. Barragan failed to timely appear in the state court action and the Moraleses obtained a default judgment. Complaint, Exh. 15. Barragan now seeks to have this court order the state court to remove the lien imposed by the default judgment. This attempt to obtain federal court review and reversal of an unfavorable state court judgment squarely fits the *Rooker-Feldman* doctrine. See Exxon Mobil Corp., 544 U.S. at 283-284.

Additionally, Barragan's purported federal claim is aimed at the Monterey County Superior Court, not against any of the defendants named in this suit. Even if the claim were one this court had the power to adjudicate, the entity at whom it is directed is not a party to this action.

This court also lacks jurisdiction based on diversity. Federal subject-matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). Here, plaintiff does seek damages in excess of $75,000, but, as

4

best the court can discern from the complaint, all parties are California citizens. Therefore, as there is no diversity of citizenship, subject matter jurisdiction founded on diversity is also lacking. Plaintiff also attempts to state claims for relief under state law. As this court lacks jurisdiction to hear her only federal claim, it declines to consider the state law claims.

Accordingly, the court recommends dismissal of the complaint for lack of subject matter jurisdiction. Because Barragan's only attempt at a federal claim runs afoul of the *Rooker-Feldman* doctrine, the court finds that she would be unable to establish subject matter jurisdiction even if she were given the opportunity to amend the complaint. Although Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely given when justice so requires, if it is clear the court lacks subject matter jurisdiction and amendment could not cure the problem, the court must dismiss the case in its entirety. Carvalho v. Equifax Info. Servs., L.L.C., 629 F.3d 876, 892-93 (9th Cir. 2010). Amendment here would be futile, because Barragan's complaint states no claim that, if amended, could provide this court with subject matter jurisdiction and would not be barred under the *Rooker-Feldman* doctrine. Therefore, the court RECOMMENDS that the newly assigned judge dismiss the complaint without leave to amend.

Based on this court's recommendation that the case be dismissed for lack of subject matter jurisdiction, it further RECOMMENDS that the pending renewed motion for entry of default judgment against the defendants be denied.

CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for reconsideration is GRANTED, and, upon reconsideration, the court hereby VACATES its Order Dismissing the Complaint and Judgment of Dismissal (Dkt. Nos. 27 and 28);

2. This case shall be REASSIGNED to a district judge; and

3. The court RECOMMENDS that this action be dismissed for lack of subject matter jurisdiction and that all pending motions be denied.

Dated: August 10, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-05463 HRL Notice will be mailed to:**

Maria Rivera Barragan
Post Office Box 6006
Salinas, CA 93912

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**